**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Derrick Lee Cardello-Smith, *et al.*,

Petitioners, Case No. 26-cv-13973

v. Judith E. Levy
United States District Judge

Jeffrey Howard, *et al.*,

Mag. Judge Kimberly G. Altman

Respondents.

________________________________/

**ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING MOTION TO DISQUALIFY [1]**

Before the Court is a petition for a writ of habeas corpus filed by Michigan prisoner Derrick Lee Cardello-Smith. (ECF No. 1.) The petition is purported to have also been signed and filed by seven individuals who are identified as "women seeking to free Derrick Lee Cardello-Smith," "the strong women who admit we framed the man," and "false rape victims forced to testify against Derrick Lee Cardello-Smith." (*Id.* at PageID.1.) Cardello-Smith names as Respondents the warden of his facility as well as Wayne County Prosecutor Kym L. Worthy, an assistant Wayne County prosecutor, Wayne County Circuit Court judges, Michigan

Court of Appeals judges, Eastern District of Michigan judges including the undersigned, "all Western District of Michigan" district court judges and magistrate judges, Wayne County corporation counsel, a Wayne County detective, "Detroit Police Department Sex Crimes Unit-1997-Present-2025," a Detroit Police Department sex crimes detective, and Sean John Combs. (*Id.*)

On June 30, 2025, the Court issued an Opinion and Order in a different case brought by Cardello-Smith, enjoining him from filing any additional cases or documents in this district without leave of court. *See Cardello-Smith v. Combs*, No. 24-cv-12647, 2025 WL 1951722 (E.D. Mich. June 30, 2025). The Court imposed pre-filing restrictions on Cardello-Smith due to his extensive history of vexatious and frivolous litigation. *See id.* at *7–12. The Court imposed the following restrictions:

> First, Plaintiff Derrick Lee Cardello-Smith is ENJOINED from filing any new lawsuits or other documents in the Eastern District of Michigan without first seeking and obtaining leave of court. Specifically, he must receive written permission from the Chief Judge or the Miscellaneous Duty Judge by following the requirements below:
>
> 1. If Cardello-Smith wishes to file any document in the U.S. District Court for the Eastern District of Michigan, including a complaint, he must file a "Motion Pursuant to Court Order Seeking Leave to File."

2. With the above Motion Pursuant to Court Order Seeking Leave to File, Cardello-Smith must attach the following as exhibits:

a. A copy of the document he proposes to file;

b. A copy of this Order;

c. A written declaration which he has prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit, certifying that (1) the document raises a new issue which has never been previously raised by him in this or any other court, (2) the claim or issue is not frivolous, and (3) the proposed filing is not being filed in bad faith;

d. A document containing a list showing (1) the complete caption of every suit that has been previously filed by him or on his behalf in any court against each defendant in any new suit he wishes to file and (2) the complete caption of every suit which he has currently pending;

e. A complete set of copies of each Complaint identified and listed in the document required by subparagraph (d) above, along with a record of its disposition.

The Court may deny any Motion for leave to file if it does not comply with the above requirements or if the proposed filing is duplicative, frivolous, vexatious, or harassing. If the Motion is denied, the proposed filing shall not be accepted for filing. Cardello-Smith's failure in any way to comply fully with the terms of this Order shall be sufficient grounds to deny any Motion for leave to file.

Further, to prevent future harassment and waste of the Court's limited resources, the Clerk's office is ORDERED as

follows:

> 1. Any document submitted by Cardello-Smith shall not be accepted for filing unless it is a "Motion Pursuant to Court Order Seeking Leave to File" and unless it contains the exhibits described above.
>
> 2. The Clerk's Office shall not accept any filing fees, cover sheets, in forma pauperis applications, or any other documents, in connection with any "Motion Pursuant to Court Order Seeking Leave to File," which Cardello-Smith files, unless and until leave has been granted.

*Id.* at *11–12.

Cardello-Smith did not comply with the requirements of the Court's June 30, 2025 Opinion and Order before he filed the petition in this case. He failed to submit the requisite motion with supporting documentation and to obtain the permission required to initiate the case. The petition (ECF No. 1) is therefore dismissed.

The Court notes that in an apparent attempt to seek recusal of the undersigned or to circumvent the injunction, Cardello-Smith names the undersigned as a Respondent in this action. But naming the undersigned as a Respondent in and of itself does not warrant recusal. *See, e.g.*, *Colvin v. McKinley*, No. 5:25-CV-00226-JHM, 2026 WL 802294, at *1 (W.D. Ky. Mar. 23, 2026) ("[T]he mere fact that Plaintiff sued the undersigned in

this case does not require the Court to recuse itself. . . . Plaintiff cannot obtain recusal merely by naming judges as defendants." (internal citations omitted)). Nor does it invalidate the pre-filing restrictions that Cardello-Smith is required to follow. *See Cardello-Smith*, 2025 WL 1951722, at *11–12.

The Court also notes that attached to the petition is a "Motion to Disqualify District Judge Judith Levy and all US District Court Judges of the Eastern District of Michigan from Reviewing, Participating in or Even Conducting Parts of the Proceedings Based on Clear Bias and Prejudice Against the Petitioners and Most Importantly Against Derrick Lee Cardello-Smith Under 42 USC § 144 Requiring Reassignment to Another Judge in Accordance With F.R.Civ. Procedure 42 USC § 144." (ECF No. 1, PageID.4.)

In its June 30, 2025 Opinion and Order, the Court denied a motion filed by Cardello-Smith to disqualify the undersigned. *Cardello-Smith*, 2025 WL 1951722, at *2–3. The Opinion and Order stated that § 144 provides in relevant part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge

> shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

*Id.* (quoting 28 U.S.C. § 144). The Opinion and Order further stated that

> [t]he Sixth Circuit instructs:
>
>> To warrant recusal under § 144, an affidavit must "allege[ ] facts which a reasonable person would believe would indicate a judge has a personal bias against the moving party." *General Aviation, Inc. v. Cessna Aircraft, Co.*, 915 F.2d 1038, 1043 (6th Cir. 1990). The alleged facts, moreover, must relate to "extrajudicial conduct rather than . . . judicial conduct." *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983) (internal quotation marks omitted). In other words, the affidavit must allege facts showing "a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Id.* at 1090 (internal quotation marks omitted).
>
> *Ullmo ex rel. Ullmo v. Gilmour Acad.*, 273 F.3d 671, 681 (6th Cir. 2001) (omissions in original); *see also United States v. Cohen*, 644 F. Supp. 113, 117 (E.D. Mich. 1986) ("[T]he mere fact that a court rules adversely to a defendant during the course of a case does not establish personal bias or prejudice." (cleaned up)).

*Cardello-Smith*, 2025 WL 1951722, at *3.

Here, Cardello-Smith did not file an affidavit as specified by § 144. *See* 28 U.S.C. § 144. Regardless, the motion makes an insufficient

showing that recusal is necessary under § 144 because the motion does not involve extrajudicial conduct. "Instead, it only discusses the Court's judicial decision-making. As such, [Cardello-Smith's] arguments related to § 144 are without merit." *Cardello-Smith*, 2025 WL 1951722, at *3. The motion is thus denied.[1]

For the reasons set forth above, the habeas petition (ECF No. 1) is DISMISSED. *See, e.g.*, *Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *In re Holbrook*, No. 2:21-CV-11487, 2021 WL 4053184, at *2 (E.D. Mich. Aug. 5, 2021). The motion to disqualify (ECF No. 1, PageID.4–6) is DENIED.

---

[1] Cardello-Smith's motion does not reference 28 U.S.C. § 455. Even if it did, the motion would fail.

> The Sixth Circuit has explained that § 455 must be read in the same manner as § 144; the difference between them is that § 455 requires disqualification "even in the absence of a party complaint." *Story*, 716 F.2d at 1091. Like § 144, disqualification based on § 455 must be based on extrajudicial conduct. *Id.*; *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003) (same); *Kersh v. Borden Chem., a Div. of Borden, Inc.*, 689 F. Supp. 1457, 1459 (E.D. Mich. 1988) ("the standard for determining whether recusal under § 455 should be granted is identical to the personal bias requirement of § 144.").

*Cardello-Smith v. Combs*, No. 24-cv-12647, 2025 WL 1951722, at *3 (E.D. Mich. June 30, 2025). Because Cardello-Smith only challenges the undersigned's judicial conduct, "his motion is without merit with respect to § 455, just as it was with respect to § 144." *Id.*

IT IS SO ORDERED.

Dated: November 18, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 18, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager